IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AIRRY DAVID MASSEY,

                Plaintiff,                OPINION AND ORDER

v.

                                                  18-cv-127-wmc

SERGEANT ALLEN,

                Defendant.

---

*Pro se* plaintiff Airry David Massey is proceeding against defendant Sergeant David Allen on a First Amendment retaliation claim related to Allen's alleged confiscation of Massey's property. Now before the court are Massey's motions for assistance in recruiting counsel and to seal (dkt. ##29, 30), and defendant Allen's motion to dismiss or, in the alternative, transfer venue pursuant to 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3). (Dkt. #33.) Since venue in this district court is improper, the court will grant Allen's motion, transfer this case to the Eastern District of Wisconsin and deny Massey's motions without prejudice.

OPINION

Venue is proper where defendants to a lawsuit reside or where the events giving rise to the claim took place. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendant Allen seeks dismissal or transfer because the complaint alleges that Allen works in Oshkosh, Wisconsin, and the events comprising Massey's claim took place in Oshkosh, Wisconsin. The court takes judicial notice that Oshkosh, Wisconsin, is located in Winnebago County, which lies in the Eastern District of Wisconsin. 28 U.S.C. § 130(a).

Massey opposes the motion, but he does not suggest that Allen resides in the Western District of Wisconsin, or that the events related to his claim occurred in this district. Instead, he asked the court not to dismiss or transfer this case because he needs the assistance of counsel. However, these assertions do not suggest venue may be proper in this district court, and, given the straightforward facts concerning venue, an attorney would not be able to bolster Massey's opposition. Finding venue improper in the Western District of Wisconsin, the court further concludes that transfer, rather than dismissal, serves the interest of justice. Therefore, the court will grant defendant's motion and transfer this case to the Eastern District of Wisconsin. Finally, the court will deny Massey's pending motion for assistance in recruiting counsel and request to seal his case, both without prejudice to him renewing them in the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that:

1. Defendant David Allen's motion to dismiss or transfer venue (dkt. #33) is GRANTED.

2. Plaintiff Airry David Massey's motions for assistance in recruiting counsel (dkt. #29) and to seal (dkt. #30) are DENIED without prejudice.

3. This case is TRANSFERRED to the United Eastern District of Wisconsin.

Entered this 7th day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge